UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NURIS M. RODRIGUEZ,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20 CV 5284 (EK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On November 2, 2020, plaintiff Nuris M. Rodriguez brought this action seeking review of a decision of the Commissioner of Social Security, pursuant to Section 205(g) and Section 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). Currently pending before this Court on referral from the Honorable Judge Eric R. Komitee, United States District Judge, is plaintiff's application for attorney's fees in the amount of $6,440, brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a), (d), and 5 U.S.C. § 504, *et seq*.

For the reasons set forth below, the Court respectfully recommends that the District Court approve plaintiff's requested fee of $6,440.

PROCEDURAL BACKGROUND

Plaintiff claims that she suffered a disability on September 21, 2016. (Compl.[1] ¶ 5). Plaintiff applied for disability insurance benefits but the Social Security Administration ("SSA") disallowed plaintiff's application. (Id. ¶ 6). On September 26, 2019, following a hearing, an

---

[1] Citations to "Compl." refer to the Complaint filed on November 2, 2022, ECF No. 1.

Administrative Law Judge denied plaintiff's claim for disability insurance benefits. (Id. ¶ 7). On August 31, 2020, the Appeals Council denied plaintiff's request for review. (Id. ¶ 8).

On November 2, 2020, plaintiff commenced this federal action, challenging the Commissioner of Social Security's decision. On August 11, 2021, the parties filed a stipulation, agreeing that the Commissioner's decision should be reversed and remanded for further proceedings under the fourth sentence of 42 U.S.C. § 405(g), which gives the Court the power to reverse the Commissioner of Social Security's decision upon the pleadings and transcript of the record and remand the matter for a hearing. (ECF Nos. 16 and 16-1). On August 12, 2021, the District Court endorsed the parties' stipulation and remanded the matter for further proceedings. (ECF No. 18). On August 13, 2021, the Clerk of Court entered judgment remanding the matter to the Social Security Administration. (ECF No. 17).

On August 26, 2021, the parties filed a letter with the Court notifying the Court that they had "reached a mutual agreement regarding attorney's fees" pursuant to the EAJA, 28 U.S.C. § 2412(d). (ECF No. 19). The parties attached a signed stipulation to their letter in which they agreed that plaintiff should be awarded $6,020 in fees. (ECF No. 19-1). The parties failed, however, to attach any documentation to the stipulation indicating plaintiff's entitlement to fees or the fees incurred.

On September 10, 2021, in an Electronic Order, the District Court notified the parties that their submission for attorney's fees failed to make the showing required by 28 U.S.C. § 2412(d)(1)(B). Specifically, under Section 2412(d)(1)(B), a party seeking an award of fees must "show[] that the party" seeking fees "is a prevailing party and is eligible to receive an award" as well as "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at

which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Thus, the District Court directed plaintiff to "resubmit an application consistent with the statute."

On September 24, 2021, plaintiff filed the instant motion in compliance with the District Court's September 10 Order, and the District Court referred the motion to the undersigned on December 15, 2021.

DISCUSSION

Eligibility for a fee award under 28 U.S.C. § 2412(d)(1)(A) requires:

> (1) that the claimant be a "prevailing party;" (2) that the Government's position was not "substantially justified;" (3) that no "special circumstances make an award unjust;" and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). In addition to these requirements, plaintiff must have a net worth of less than $2,000,000 to qualify for a fee award under the EAJA. 28 U.S.C. § 2412 (d)(2)(B); 12 C.F.R. § 1071.103(b)(1).

The United States Supreme Court has held that "a party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Coleman v. Commissioner of Soc. Sec., No. 21 CV 76, 2022 WL 669881, at *1 (S.D.N.Y. Mar. 7, 2022); Soto v. Astrue, No. 09 CV 3238, 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010). Thus, plaintiff is the prevailing party in this matter.

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" Commodity Futures Trading Comm'n v. Dunn, 169 F.3d 785, 786 (2d Cir. 1999) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). In order to meet that burden, the government "must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable

3

person.'" Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007) (quoting Pierce v. Underwood, 487 U.S. at 565). Here, the government "has effectively conceded that it cannot meet" its "burden since it has not opposed the [m]otion" for attorney's fees. Coleman v. Commissioner of Soc. Sec., 2022 WL 669881, at *1 (citing Soto v. Astrue, 2010 WL 2026269, at *1). The inference that the government has conceded this point is bolstered by the fact that the government stipulated to plaintiff's entitlement to attorney's fees before the District Court Ordered plaintiff to make the requisite showing under the EAJA.

As to the third factor, the government "bears the burden of establishing the existence of . . . special circumstances" that would make the award unjust. Sabo v. United States, 127 Fed. Cl. 606, 633 (2016), aff'd, 717 F. App'x 986 (Fed. Cir. 2017); see, e.g., Mastrio ex rel. Prendergast v. Sebelius, No. 3:08 CV 1148, 2011 WL 5078240, at *11 (D. Conn. Oct. 26, 2011) (holding that defendant failed "to satisfy her burden to demonstrate that special circumstances exist that make this limited award unjust"); see also Zimmerman v. Schweiker, 575 F. Supp. 1436, 1442 (E.D.N.Y. 1983) (holding that, "[s]ince the government has not claimed that any 'special circumstances make an award unjust,' 28 U.S.C. § 2412(d)(1)(A), the plaintiff is awarded attorney's fees and expenses"). Defendant has failed to meet that burden here; the Court is unaware of any "special circumstances" that would warrant denying plaintiff's request for fees. Santiago v. Comm'r of Soc. Sec., No. 19 CV 4001, 2020 WL 7335310, at *2 (S.D.N.Y. Dec. 14, 2020); Rivera Hernandez v. Commissioner Soc. Sec. Admin., No. 19 CV 04025, 2020 WL 2765866, at *2 (S.D.N.Y. May 28, 2020); Soto v. Astrue, 2010 WL 2026269, at *1.

The 30-day period within which plaintiffs must seek attorney's fees begins after the government's right to appeal a final judgment has lapsed. Tamburri v. Berryhill, No. 16 CV 5784, 2018 WL 1175141, at *1 (E.D.N.Y. Mar. 5, 2018) (citing 28 U.S.C. § 2412(d)(2)(G)). In

4

this case, plaintiff had to file an application for fees by November 11, 2021, which was 30 days after the expiration of the government's deadline to appeal its case. Tamburri v. Berryhill, 2018 WL 1175141, at *1 (citing Shalala v. Schaefer, 509 U.S. at 302). Since plaintiff filed her motion on September 24, 2021, her motion was timely.

In addition, plaintiff asserts that she is "included within the scope of the intended beneficiaries of the fee award provisions of the EAJA" and does not have a net worth of $2,000,000 or more. (Pl.'s Mem.[2] at 3-4). The Court finds no reason to doubt this assertion.

In arriving at her requested fee award of $6,440, plaintiff's counsel calculates that her hourly rate is $210 per hour under 28 U.S.C. § 2412(d)(2)(A), and that her paralegal's rate is $100 per hour. (Pl.'s Mem. at 5). Plaintiff arrives at the hourly rate by taking the $125 per hour rate specified in Section 2412(d)(2)(A) and adjusting that rate according to the cost of living in this district using the Consumer Price Index for the New York Metropolitan Area. (Id. at 5 n.1, Ex. 2). Other courts in this Circuit have recognized that "[t]his adjustment is appropriate." Coleman v. Commissioner of Soc. Sec., 2022 WL 669881, at *2 (citing Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009)).

Plaintiff has attached time records to her motion indicating that attorneys at plaintiff's counsel's firm spent a total of 29 hours on this matter, incurring $6,090 in fees, and a paralegal at the firm spent a total of 3.5 hours on her matter, incurring $350 in fees, for a total of $6,440 in fees. (Id., Ex. 1). The $420 increase in the fee amount from the amount that the parties had stipulated to prior to plaintiff's filing the instant motion reflects the two hours that plaintiff's counsel spent preparing the instant motion. (Id. at 5). The instant motion was necessary to make

---

[2] Citations to "Pl.'s Mem." refer to Plaintiff's Memorandum in Support of Motion for Attorney's Fees, filed on September 24, 2021, ECF No. 20-1.

the requisite showing under Section 2412(d)(1)(B), and thus the time spent preparing the motion is properly included in plaintiff's counsel's fee award.

This Court has reviewed plaintiff's counsel's time records and finds that the requested fees are reasonable and appropriate given the complexity of this matter. Coleman v. Commissioner of Soc. Sec., 2022 WL 669881, at *3 (citing Forrest v. Colvin, 2016 WL 6892784, at *2-3 (S.D.N.Y. Nov. 21, 2016)) (noting that "[d]istrict courts within the Second Circuit have typically found that it is reasonable for a Plaintiff's attorney to spend 20-40 hours on a typical Social Security disability appeal in federal court" and awarding counsel fees reflecting a paralegal's work done at a rate of $100 per hour).

## CONCLUSION

The undersigned respectfully recommends that plaintiff's motion be granted, and plaintiff's counsel's requested fee of **$6,440** be approved.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 21, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak

6

Chief United States Magistrate Judge
Eastern District of New York